**Affirmed and Memorandum Opinion filed July 30, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00513-CR
## NO. 14-18-00514-CR

### RUBEN NOEL ORNELAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 16-CR-3171 & 16-CR-3172**

## MEMORANDUM OPINION

Appellant Ruben Noel Ornelas pleaded guilty to two offenses and the trial court assessed punishment. On appeal, Appellant asserts the trial court erred by admitting evidence of an extraneous offense at his punishment hearing. For the reasons below, we affirm.

### BACKGROUND

Appellant pleaded guilty to online solicitation of a minor and indecency with

a child by sexual contact and proceeded under two separate cause numbers. The trial court held a punishment hearing to assess punishment for both offenses.

Complainant testified at the punishment hearing regarding the events underlying Appellant's convictions. When she was 15 years old and Appellant was 33, Complainant met Appellant at an apartment complex where her father worked. Appellant and Complainant began texting and their conversations turned sexual in nature. Complainant said their first sexual encounter occurred at the apartment complex office, during which Appellant forced Complainant to "jack him off and stuff." Complainant said Appellant also touched her breasts and vaginal area through the outside of her clothing.

The second incident occurred when Complainant rode with Appellant in his vehicle to dispose of some tree branches. Complainant said Appellant stopped his vehicle at a dumpster; got out of the driver's seat; and walked around the vehicle to open Complainant's passenger-side door. Complainant said she lay down and Appellant "started going in [her] shirt and he tried to unbutton [her] pants." Complainant said Appellant grabbed her arm and forced her to touch his penis. Complainant said the incident ended when Appellant received a phone call from his wife.

Ten additional witnesses testified at Appellant's punishment hearing:

- Melencio Villareal, a Texas City police officer. Officer Villareal investigated Appellant with respect to the underlying convictions. Officer Villareal previously had investigated Appellant regarding the unlawful disclosure of intimate materials and spoke to five women who had suggestive and nude photographs published online. Officer Villareal said Appellant was the "primary suspect" in the unlawful disclosure case.

- Ashley Hardage, a friend of Appellant who had known him since middle school. Hardage testified regarding suggestive and sexually-

explicit photographs of her posted online without her permission. Hardage said Appellant was the only connection between her and the other women pictured on the website.

- Katherine Romero, who had known Appellant since 5th grade and had an off-and-on romantic relationship with him. Katherine Romero testified regarding suggestive and sexually-explicit photographs of her that were published online without her permission. Katherine Romero said she had sent some of the photographs to Appellant and some he had taken himself.

- Vanessa Ramos, who previously had been romantically involved with Appellant. Ramos testified regarding suggestive and sexually-explicit photographs of her posted online without her permission.

- Kristin Ornelas, Appellant's wife. Kristin Ornelas testified regarding suggestive and sexually-explicit photographs of her posted online without her permission. Kristin Ornelas also testified regarding sexually-explicit text messages between Appellant and Complainant that she found on Appellant's phone.

- Lorita Schulze, an inmate at the Galveston county jail when Appellant was employed as a bailiff. Schulze testified that, when she was incarcerated, Appellant asked her to give him oral sex. Schulze said she complied with the request because she felt "intimidated."

- Erica Romero, who testified about an incident that occurred approximately 18 years earlier, when she was 14 years old and Appellant was a senior in high school. Erica Romero said Appellant forced her to have sex with him when he drove her home from a party.

- Chris Ryan, Appellant's friend. Ryan testified regarding text messages she received from Appellant showing a young teenage girl posing suggestively while wearing lingerie.

- Patricia Merkley, Appellant's therapist. Merkley said Appellant had been sexually abused as a child and was making progress in therapy.

- Linda Ornelas, Appellant's mother. Linda Ornelas said she suspected Appellant had been sexually abused by an older cousin.

Appellant was the last witness to testify at his punishment hearing. Appellant denied posting the suggestive and sexually-explicit photographs online. Appellant said Erica Romero was lying about the incident that occurred after he gave her a

ride home from the party. Appellant admitted his interactions with Complainant were wrong.

After the close of evidence, the trial court sentenced Appellant to 10 years' imprisonment for the solicitation conviction and 20 years for the indecency conviction. The trial court's final judgments state that these sentences are to run concurrently. Appellant timely appealed.

## ANALYSIS

In his sole issue on appeal, Appellant argues the trial court erred when it permitted Erica Romero[1] to testify regarding the alleged rape that occurred approximately 18 years before the punishment hearing. Appellant asserts this evidence should have been excluded under Texas Rule of Evidence 403. Appellant raised this issue in the underlying proceeding and preserved it for our review. *See* Tex. R. App. P. 33.1(a).

We presume, without deciding, that the trial erred in overruling Appellant's Rule 403 objection to Erica's testimony. We review the erroneous admission of evidence for non-constitutional error and reverse only if the appellant shows the erroneous admission affected his substantial rights. Tex. R. App. P. 44.2(b); *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010); *see also Rodriguez v. State*, 546 S.W.3d 843, 864-65 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (applying a non-constitutional error analysis to alleged erroneous admission of evidence during punishment hearing). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the fact-finder's verdict. *Coble*, 330 S.W.3d at 280; *see also Torres v. State*, 424 S.W.3d 245, 260 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). But if the improperly-admitted

---

[1] Because Erica Romero shares the same last name as another witness, we hereinafter refer to her by her first name to avoid confusion.

4

evidence did not influence the fact-finder or had but a slight effect upon its deliberations, such non-constitutional error is harmless. *Coble*, 330 S.W.3d at 280; *Torres*, 424 S.W.3d at 260.

In performing this analysis, we examine the entire record and calculate, as much as possible, the probable impact of the error upon the rest of the evidence. *Torres*, 424 S.W.3d at 260. We consider any testimony or physical evidence admitted for the fact-finder's consideration, the nature of the evidence supporting the fact-finder's decision, the character of the alleged error, and how it might be considered in connection with other evidence in the case. *Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003).

After reviewing the record, we conclude that any error in the admission of Erica's testimony did not affect Appellant's substantial rights. The trial court assessed punishment for two offenses to which Appellant pleaded guilty: online solicitation of a minor and indecency with a child by sexual contact. The trial court sentenced Appellant to 10 years' and 20 years' imprisonment, respectively. Excluding Erica's testimony, the evidence in the record is sufficient to support the trial court's punishment assessments.

Complainant testified in detail regarding the events underlying these offenses. Admitted into evidence during Complainant's testimony were text messages between Appellant and Complainant, many of which were sexually-explicit. During his testimony, Appellant acknowledged sending the text messages to Complainant even though he knew she was under 17 years old. When asked about the details of the two sexual encounters, Appellant summarily stated that he did not recall what happened.

Four women testified at Appellant's punishment hearing regarding the online publication of their suggestive and sexually-explicit photographs.

5

Approximately 100 pages of these images were admitted into evidence, many of which are extremely graphic. The women testified that some of the photographs were taken by Appellant whereas others were pictures that had been sent to Appellant. Appellant denied posting these photographs and agreed that it was "just happenstance" that his "ex-girlfriends' photographs ended up on the internet."

In addition, Chris Ryan testified about text messages she received from Appellant showing a young teenage girl posing suggestively while wearing lingerie. Lorita Schulze also testified about an incident that occurred while she was incarcerated, during which Appellant asked her to give him oral sex. Schulze said she complied with the request because she felt "intimidated."

As this recitation shows, substantial evidence supports the trial court's punishment assessments. Weighed against this backdrop, Erica's testimony about an incident that occurred approximately 18 years earlier would have had at most a slight effect upon the trial court's determinations. Erica provided a brief description of the alleged rape, which comprised approximately 15 pages of the over 300-page record. Describing the incident, Erica said Appellant gave her a ride home from the party and that they kissed during the ride. Erica testified that she became uncomfortable and asked Appellant to take her home; Appellant responded that he would take her home after they had sex. Erica testified that they "end[ed] up having sex and then he t[ook] [her] home."

Providing further context for this description, Appellant's trial counsel cross-examined Erica at length about certain details she was unable to recall. Appellant also addressed Erica's allegations, denied that the incident occurred, and testified that the case was "no billed."[2] This testimony likely lessened the impact

---

[2] When a case is "no billed," the grand jury chooses not to indict. *See, e.g., Bass v. State*, Nos. 14-05-00865-CR, 14-05-00866-CR, 2009 WL 3839003, at *4 (Tex. App.—Houston [14th

of Erica's testimony — particularly in light of the other extraneous offenses admitted into evidence, which were more recent and substantially more graphic.

After examining the entire record, we conclude Erica's testimony did not influence the trial court's punishment assessments or had but a slight effect. *See* Tex. R. App. 44.2(b); *Coble*, 330 S.W.3d at 280. We overrule Appellant's issue on appeal.

**CONCLUSION**

We affirm the trial court's judgment.

/s/    Meagan Hassan
Justice

Panel consists of Justices Wise, Jewell, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).

Dist.] June 18, 2009, pet. ref'd) (mem. op., not designated for publication).

7